UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

L. D. an infant by his Father
and Natural Guardian LEE DELGADO, SR.

                          Plaintiff,           COMPLAINT

- against -

                                        JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
BRADLEY PIERRE, "JANE" VALENTINE,
"JANE" JAMESON, "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK
and "JOHN DOE" and "JANE DOE"
City Employees working at the Horizon Juvenile Center
(The names being fictitious being unknown to Plaintiff)

                          Defendants.
------------------------------------------------------------X

Plaintiff L.D. JR. an infant by his Father and Natural Guardian LEE DELGADO, SR. through his attorney BATALLA & FINKIN, P.C., complaining of the Defendants, alleges:

## JURISDICTION

1. This is an action for violation of federally protected rights brought pursuant to 42 U.S.C. 1983 to redress the deprivation under the ordinance, custom and usage of all rights, privileges and immunities secured to the Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by 42 United States Code Sections 1983, and 1988, and all the laws and statutes thereunder as well as violations under state law.

2. The jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and Section 1343, the statutory and Constitutional provisions and 28 U.S.C. Section 1367 for the pendent state law claim.

## VENUE

3. This Court has venue pursuant to 28 U.S.C. Section 1391 (b) since the claim arose in this district.

## PARTIES

4. Plaintiff L. D. JR. (hereafter referred to as L.) an infant by his Father and Natural Guardian LEE DELGADO, SR. is a resident of and is domiciled in the State of New York, Bronx County.

5. At the time of the events mentioned infra the plaintiff was a resident of and was domiciled in the State of New York, Bronx County.

6. Upon information and belief the defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") is a municipal corporation incorporated under the laws of the State of New York.

7. HORIZON JUVENILE CENTER (hereinafter referred to as HORIZON) is a CITY facility.

8. Defendant BRADLEY PIERRE is employed by the defendant CITY and was working at HORIZON.

9. Defendant "JANE" VALENTINE is employed by the defendant CITY and was working at HORIZON.

10. Defendant "JANE" JAMESON is employed by the defendant CITY and was working at HORIZON.

11. Defendant "JOHN" IKE is employed by the defendant CITY and was working at HORIZON.

12. Defendant "JOHN" GERALD is employed by the defendant CITY and was working at HORIZON.

13. Defendant "JANE" LOCK is employed by the defendant CITY and was working at HORIZON.

14. Defendants "JOHN DOE" and "JANE DOE" are employed by the defendant CITY and was working at HORIZON.

## NOTICE OF CLAIM

15. On January 19, 2016 within the period prescribed by law, a sworn Notice of Claim stating among other things, the natures of the claim, the time, place and manner in which the claim arose and the items of damage, with Plaintiff's demand for adjustment were duly served on the Comptroller of the City of New York and that the CITY refused or neglected for more than ninety days and up to the commencement of this action to make any adjustment or payment thereof.

## FACTS

16. At all times relevant hereto and in all their actions described herein, the defendants were acting under color of law.

17. HORIZON is a facility which houses juveniles who are awaiting trial in Family Court or have been determined to have committed an act which would constitute a criminal offense.

18. The defendants are legally responsible, in whole or part, for the operation of HORIZON, for the conditions there and the safety of persons confined or detained there.

19. L.. was born on           2001.

20. L. was confined at HORIZON which is under the auspices of and the control of CITY.

21. On October 15, 2015 L. was brought to HORIZON. He was in HORIZON because he was awaiting trial in Family Court.

22. L. was placed in J Hall which is usually the intake hall.

23. On or about October 24, 2015 L. was approached by two juveniles K and A who were also housed at Horizon and was told to attack another juvenile.

24. K and A were members of a gang.

25. L. refused and was threatened by the K and A that they would use physical violence against him or try to get others to use violence.

26. L. then told his parents what happened.

27. L's parents then spoke with the defendant BRADLEY PIERRE and defendant "JANE" VALENTINE on more than one occasion and told them about the threats made against their son and expressed their concern for L's safety.

28. The defendants BRADLEY PIERRE and "JANE" VALENTINE assured L's parents that precautions would be implemented to protect L.

29. After L's parents spoke with defendants PIERRE and VALENTINE, L. spoke with PIERRE and VALENTINE and defendants "JANE" JAMESON and "JOHN" IKE.

30. L. told them about the threats being made against him by K, A and their friends G, A and another juvenile.

31. The defendants PIERRE and VALENTINE, JAMESON and IKE knew that G and A were in E hall.

-4-

32. The defendants PIERRE and VALENTINE, JAMESON and IKE told L's parents that they were planning to move L to E hall.

33. L's parents told the defendants PIERRE and VALENTINE, JAMESON and IKE that they did not want L to be moved.

34. On November 2, 2015, L. was transferred to E Hall.

35. Afterwards on the same day L. was with another juvenile when G, A and another juvenile started to throw punches at them.

36. CITY employees then intervened to stop the fight.

37. "John Doe" a CITY employee used excessive force on L. to restrain him and take him away from the area.

38. L. then was taken to Lincoln Hospital

39. While at the hospital L. spoke with Defendant GABRIEL and "Jane" Doe and told them that he did not feel safe in E Hall because he just got attacked.

40. L's father also spoke with Defendant GABRIEL and Jane Doe and echoed L's concerns.

41. Nevertheless, the defendants returned L. to E Hall

42. After L. returned he was again threatened by G and A.

43. L's parents then reported the threats to the defendants PIERRE and VALENTINE, JAMESON and IKE and expressed their concerns about L. being housed in E Hall.

44. On November 13, 2015 at approximately 12:00 P.M. L. was being escorted with another child in the common area of the facility.

45. A group of four juveniles ran out of a classroom near the common area and

proceeded to attack L.

46. The four juveniles included G and A.

47. Juveniles, while in the classroom, are supposed to be supervised to make sure that they do not leave during class.

48. The four juveniles who attacked L. were not properly supervised.

49. As a result, the juveniles were able to run out of a classroom and attack L.

50. Due to said conduct, L has suffered physical injuries requiring treatment, emotional injuries including pain and suffering and psychological injuries requiring treatment.

51. The actions complained of by the defendants were taken under the color of law.

## AS AND FOR A FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST THE CITY

52. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "51" of the complaint and incorporates them herein

53. The Constitution requires the defendant CITY to protect juveniles confined in their facilities from violence inflicted by other juveniles who are also confined.

54. The defendant CITY has failed to take minimum reasonable measures to fulfill this fundamental responsibility, and for several years have been deliberately indifferent to the obvious and substantial risk of harm to the juveniles resulting from juvenile-on juvenile violence.

55. The actions taken by defendant CITY'S employees violated L's constitutional rights under the fourth, eight and fourteenth amendments to the United States Constitution and 42 U.S.C. Section 1983.

56. There was a policy or custom by the CITY which caused the constitutional injury to L.

-6-

57. The practices were so consistent and widespread that, although not expressly authorized, constituted a custom or usage which a supervising policy maker must have been aware of said practices.

58. The defendant CITY's "deliberate indifference" to the known serious harm, and risk of serious harm, to the subject juvenile is exhibited by the long history of violence at facilities confining juveniles including HORIZON and defendant CITY's ongoing failure to, inter-alia, select and promote a sufficient number of managers and supervisors with the necessary skills and commitment to address the extraordinarily high levels of violence perpetrated against and among the juveniles, ensure that juvenile against juvenile violence incidents are properly documented and investigated, ensure that the staff are appropriately disciplined for failing to monitor or intervene in juvenile against juvenile violence and for attempting to cover up such violence or for failing to implement measures to ensure that the juveniles are appropriately supervised and monitored, failing to maintain an effective classification system including the proper placement of juveniles, and failing to ensure that the staff working with the juveniles have effective training programs on managing the juveniles including the use of force and properly disciplining staff which uses excessive force on the juveniles.

59. Because of the defendant's conduct, I. was subjected to violent attacks by fellow confined juveniles and excessive force by a CITY employee and suffered physical injuries requiring treatment, emotional injuries including pain and suffering and psychological injuries requiring treatment.

WHEREFORE, Plaintiff demands judgment against the Defendant CITY for Two Million Dollars -($ 2,000,000.00)-Dollars in compensatory damages, and for

Ten-Million-($10,000,000.00)-Dollars in punitive damages with costs and disbursements and reasonable attorney's fees.

AS AND FOR A SECOND CAUSE OF ACTION
BY PLAINTIFF AGAINST DEFENDANTS
CITY, BRADLEY PIERRE, "JANE" VALENTINE,
"JANE" JAMESON and "JOHN" IKE,
"JOHN" GABRIEL, "JANE" LOCK
"JOHN DOE" and "JANE DOE"

60. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "59" of the complaint and incorporates them herein.

61. The defendants CITY, BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON and "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE were aware of a substantial risk of attacks against L. by others juveniles confined at HORIZON.

62. The defendants were aware that L was vulnerable to attack by other confined juveniles based on being advised of threats being made against L. by juveniles including G and A.

63. The defendants knew that before the November 13, 2015 incident that L had been previously attacked by other juveniles which included G and A.

65. L. and his parents requested that L. not be placed in E Hall.

66. L. told the defendants the reason why he did not want to be placed in said location.

67. L. made the request because he was afraid that he would be attacked by fellow juveniles including G and A.

-8-

68. The defendants refused the plaintiff's requests.

69. The defendants, instead, placed L. in an area where G and A were housed.

70. The defendants were required to make sure that juveniles would not leave the classroom unsupervised.

71. The defendants knew that G and A needed to have extra supervision since they had threatened L.

72. Instead the defendants did not properly supervise G and A and allowed them and two other juveniles to leave the classroom unsupervised.

73. As a result, they were able to leave the classroom and assault L.

74. The above-mentioned conduct by the defendants constituted "deliberate indifference" to L's constitutional rights of under the Fourth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. Section 1983.

75. As a result of defendants' conduct, L. was subjected to violent attacks by fellow juveniles and suffered physical injuries requiring treatment, emotional injuries including pain and suffering and psychological injuries requiring treatment.

WHEREFORE, Plaintiff demands judgment against Defendants CITY, BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE for Two Million Dollars -($2,000,000.00)-Dollars in compensatory damages, and against and Ten-Million-($10,000,000.00)-Dollars in punitive damages with costs and disbursements and reasonable attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANTS

CITY, BRADLEY PIERRE, "JANE" VALENTINE,
"JANE" JAMESON and "JOHN" IKE,
"JOHN" GABRIEL, "JANE" LOCK
"JOHN DOE" and "JANE DOE"

76. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "77" of the complaint and incorporates them herein.

78. The acts and conduct hereinbefore alleged constitute prima facie tort, negligence, and gross negligence under New York State law.

79. That this Court has pendant jurisdiction of this claim.

80. The defendant CITY is also vicariously liable for the conduct of its employees acting within the scope of their employment.

81. Said employees were acting within their scope of employment.

82. Because of the defendants' conduct, L. suffered physical injuries requiring treatment and emotional injuries including pain and suffering and psychological injuries requiring treatment.

WHEREFORE, Plaintiff demands judgment against Defendants CITY, BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON and "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE for Two Million Dollars -($2,000,000.00)-Dollars in compensatory damages, and against BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON, "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE for Ten-Million-($10,000,000.00)-Dollars in punitive damages with costs and disbursements and reasonable attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**

## BY THE PLAINTIFF AGAINST THE CITY

83. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "82" of the complaint and incorporates them herein.

84. Upon information and belief the defendant CITY failed to use reasonable care in the hiring or retention of the defendants BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON and "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE.

85. The defendant CITY by using reasonable care or investigation would have known that it was foreseeable that the defendants would engage in conduct which violated L's constitutional rights under the New York State and/or the United States Constitution or violated federal and state law.

86. If there had been proper hiring and retention the individual defendants would not have engaged in conduct which violated state and federal law and violated L's rights under the New York State and the United States Constitution.

87. That said conduct was improper and in violation of New York State law.

88. Because of the Defendant CITY's conduct, L. suffered physical injuries requiring treatment and emotional injuries including pain and suffering and psychological injuries requiring treatment.

89. The Court has pendant jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendant CITY for Two Million -($2,000,000.00)-Dollars in compensatory damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BY PLAINTIFF

-11-

## AGAINST DEFENDANT CITY

90. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "89" of the complaint and incorporates them herein.

91. Upon information and belief the defendant CITY failed to use reasonable care in the training and supervision of the above-mentioned individual defendants BRADLEY PIERRE, "JANE" VALENTINE, "JANE" JAMESON and "JOHN" IKE, "JOHN" GABRIEL, "JANE" LOCK and "JOHN DOE" and "JANE DOE.

92. If there had been proper training and supervision the individual defendants would not have engaged in the conduct which violated state and federal law and violated L.'s rights under the New York State and the United States constitution.

93. That said conduct was improper and in violation of New York State law.

94. Because of the Defendant CITY's conduct, L. suffered physical injuries requiring treatment and emotional injuries including pain and suffering and psychological injuries requiring treatment.

95. The Court has pendant jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendant CITY for Two Million -($2,000,000.00)-Dollars in compensatory damages, and Ten-Million-($10,000,000.00)-Dollars in punitive damages, together with costs and disbursements.

### AS AND FOR A SIXTH CAUSE OF ACTION BY PLAINTIFF AGAINST THE CITY

96. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "95" of the complaint and incorporates them herein.

97. The CITY has a duty to safeguard confined juveniles from attacks from other juveniles.

98. It was foreseeable that L. would be attacked by fellow juveniles.

99. The defendant CITY knew or should have known that L. would be attacked by fellow juveniles if the defendant did not take reasonable steps to protect L. from attacks.

100. The defendant did not take reasonable steps to protect L. from attacks from fellow juveniles.

101. As a result of the defendant CITY's failure to take reasonable steps to protect L., L. was assaulted by fellow juveniles.

102. Because of the Defendant CITY'S conduct, L. suffered physical injuries requiring treatment and emotional injuries including pain and suffering and psychological injuries requiring treatment.

103. That said conduct was improper and in violation of New York State law.

104. That this Court has pendant jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendant CITY for Two Million -($2,000,000.00)-Dollars in compensatory damages.

105. Plaintiff requests trial by Jury.

Forest Hills, N.Y.
January 26, 2017

BATALLA & FINKIN P.C.
Attorney for Plaintiff
888 Grand Concourse, Suite 1N
Bronx, N.Y. 10451
(718) 585-2233

By: WARREN S. HECHT
whecht@aol.com

-14-